IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| RESA MCCRAE | * |
| Plaintiff, | * |
| v. | * Case No. BPG-11-1368 |
| SHOPPERS FOOD WAREHOUSE CORP. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 14.) Currently pending are defendant's Motion for Summary Judgment ("Motion") (ECF No. 35) and plaintiff's Response to Defendant's Motion for Summary Judgment ("Response") (ECF No. 37.) No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendant's Motion (ECF No. 35) is GRANTED.

I. BACKGROUND

Plaintiff Resa McCrae ("plaintiff") allegedly sustained personal injuries on October 8, 2010 while shopping at a store owned and operated by defendant Shoppers Food Warehouse Corp. ("defendant," or "Shoppers") in Brooklyn Park, Maryland. (Compl., ECF No. 2 ¶¶ 1-4.) According to plaintiff's account of the incident, while proceeding through the store, she "tripped on a metal plank resting on the floor," which caused her to fall to the ground and suffer "severe bodily injuries." (Id. ¶ 5.) Plaintiff claims that her fall resulted from the "metal plank being unfastened due to a loose screw which was protruding from the plank." (Id. ¶ 6.) Plaintiff also alleges that defendant did not place any warning signage on the premises indicating that a

hazardous condition existed.  (Id. ¶ 7.)

On March 18, 2011, plaintiff filed this suit against defendant in the Circuit Court of Maryland for Baltimore City.  (ECF No. 2.)  Plaintiff states a negligence claim, asserting that defendant breached its duty of care to her by:  (1) "fail[ing] to fix [a hazardous] condition within a reasonable time;" (2) "fail[ing] to adequately warn plaintiff of a hazardous condition;" and (3) "otherwise fail[ing] to exercise reasonable and due care under the circumstances . . . ."  (Id. ¶ 9.)  Plaintiff seeks compensatory damages in the amount of two hundred thousand dollars, plus interest and costs.  (Id. ¶ 11.)

On May 19, 2011, defendant filed a Petition for Removal to this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1441(a).[1]  (ECF No. 1.)  Following the close of discovery, on February 6, 2012, defendant moved for summary judgment.  (ECF No. 35.)  Plaintiff filed her Response on February 21, 2012.  (ECF No. 37)  Defendant did not file a reply.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is properly considered "material" only if it might affect the outcome of the case under the governing law.  Id.  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion

---

[1] Defendant's Petition for Removal was entered by the Clerk on May 20, 2011.  (ECF No. 1.)

for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented.  Anderson, 477 U.S. at 252.  In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Id.; see also Celotex, 477 U.S. at 324.  A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment.  Anderson, 477 U.S. at 252.  Furthermore, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.  Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.  Anderson, 477 U.S. at 252.

III.   DISCUSSION

Defendant asserts that it is entitled to summary judgment because the undisputed facts are legally insufficient to establish a prima facie case of negligence.  (ECF No. 35-1 at 2.)  Under

Maryland law,[2] as a customer in a Shoppers store maintained by defendant, plaintiff was a business invitee to whom defendant owed a duty to "use reasonable and ordinary care to keep the premises safe … and to protect [her] from injury caused by an unreasonable risk that [she], exercising ordinary care for [her] own safety, [would] not discover." Henley v. Prince George's County, 503 A.2d 1333, 1343 (Md. 1986). "No presumption of negligence on the part of the proprietor," however, "arises merely from a showing that an injury was sustained in his store." Garner v. Supervalu, Inc., 396 Fed. App'x 27, 29 (4th Cir. 2010) (internal citation omitted). Maryland courts have emphasized that a store operator is "not an insurer of the safety of his customers," Moulden v. Greenbelt Consumer Servs., Inc., 210 A.2d 724, 725 (Md. 1965), and have held that it would be unreasonable to impose a duty on a proprietor to continuously inspect his premises. See, e.g., Lexington Mkt. Auth. v. Zappala, 197 A.2d 147, 148 (Md. 1964) (commercial business owner did not breach duty of care by failing to instantaneously detect and correct dangerous condition of oil or grease on parking garage floor which allegedly caused customer to fall). Accordingly, in order to sustain a cause of action of negligence against a proprietor, the customer must establish: (1) "not only that a dangerous condition existed," but also (2) that "the proprietor created the dangerous condition or had actual or constructive knowledge of its existence prior to the invitee's injury." Maans v. Giant of Maryland, L.L.C., 871 A.2d 627, 630-32 (Md. Ct. Spec. App. 2005); Rehn v. Westfield Am., 153 Md. App. 586, 593 (Md. Ct. Spec. App. 2003).

---

[2] Because the undersigned's jurisdiction over this matter is based on diversity of citizenship, the undersigned must apply Maryland law to issues of substantive law. See Erie R.R. Co. v Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

A. <u>Plaintiff has not established that a dangerous condition existed on defendant's premises</u>

Defendant asserts that plaintiff cannot show that her injuries resulted from defendant's alleged negligence because "[t]here is no evidence in this case whatsoever to suggest that a dangerous condition existed at all." (ECF No. 35-1 at 3-4.) To sustain a negligence action under Maryland law, a plaintiff must present evidence to support its claim that a dangerous condition existed on defendant's premises. As the Fourth Circuit explained in <u>Garner</u>, 396 Fed. App'x at 29-30, a factually analogous case, "[i]t is not sufficient to merely assert conclusory allegations suggesting that the elements are in fact present in the controversy." <u>Id.</u> at 29. In that case, the Fourth Circuit affirmed the district court's award of summary judgment to the defendant grocery retailer under Maryland negligence law. <u>Id.</u> at 30. There, the plaintiff business invitee, who slipped and fell when she caught her foot on a mat at the entrance to the store, failed to present supporting evidence of the existence of a dangerous condition or that the defendant created the condition or had knowledge of the condition. <u>Id.</u> at 29-30. The court observed, in pertinent part, that:

> [Plaintiff's] position is essentially that, because she fell on the mat, it follows that the mat was dangerous. Without any supporting evidence, however, that conclusion is merely speculation.

<u>Id.</u> at 30.

Here, plaintiff claims that her injuries were "caused either by the 'metal slat in the door' or the 'bolt' or 'screw' in the metal slat"[3] and that because she "fell due to the presence of a dangerous condition, [defendant] failed to exercise reasonable care." (ECF No. 37 at 5, 7.) The only evidence of record to support plaintiff's claim as to the existence of a hazardous condition is

---

[3] Although plaintiff does not identify the source of the stated quotations in her Response, plaintiff appears to be quoting her deposition testimony, which defendant attached to its Motion for Summary Judgment. (ECF No. 35-2 at 3, p. 22 ¶¶ 7, 17.)

plaintiff's deposition testimony, in which plaintiff stated that she fell after she caught her foot on what "looked like a bolt, a metal bolt, a screw." (ECF No. 35-2 at 3, p. 22 ¶ 17.) Plaintiff also said that she initially "didn't know what [she] tripped over" until the security guard told her. (Id. at 3, pp. 22 ¶¶ 7-14, 24 ¶¶ 3-4.) It was only then, plaintiff stated, that she "glanced down and looked" and that:

> I could see what he was talking about. It's like a couple bolts that was in the metal and you could see that one of them might be [sic] higher than the other. . . . Not much. . . Just a little bit. It wasn't high up.

(Id. at 3, pp. 22 ¶¶ 7-22, 23 ¶ 1-13.)

At best, this evidence shows that plaintiff caught her foot on a bolt that "might" have been a "little bit" higher than the other. The record is devoid, in general, of specific evidence as to the actual condition of the bolt(s) or that the condition of the bolts was dangerous. In sum, plaintiff has failed to show that specific, material facts exist to create a genuine, triable issue as to whether a hazardous condition existed on defendant's premises, and summary judgment is appropriate on that basis alone.

   B. <u>There is no evidence that defendant created the allegedly hazardous condition or had actual knowledge of the condition</u>

Even assuming that there was a genuine issue as to whether a hazardous condition existed, defendant contends that it is entitled to summary judgment because plaintiff has not offered evidence that defendant created the condition or had actual knowledge of the condition. (ECF No. 35-1 at 4.) In order to sustain a premises liability action against defendant, in addition to establishing the existence of a hazardous condition, plaintiff must also prove either that defendant created the condition or that defendant had actual or constructive knowledge of the hazardous condition. Maans, 871 A.2d at 630-32. Other than plaintiff's conclusory allegation that defendant "knew or by the exercise of reasonable care would have discovered th[is]

6

condition," plaintiff does not address defendant's claim that there is no evidence that defendant created the condition or had actual knowledge that the bolts were in a hazardous position. (ECF No. 37 at 5.) The only evidence on this issue is plaintiff's testimony that she tripped and fell on a slightly elevated bolt. (ECF No. 35-2 at 3, p. 22 ¶ 17.) Even when viewed in a light most favorable to plaintiff, this testimony does not generate a factual issue as to whether defendant caused the bolt to be in that condition or whether defendant knew of the condition of the bolt. In sum, plaintiff has failed to show that there is a genuine issue of material fact as to whether defendant created the allegedly hazardous condition or had actual knowledge of the condition. Accordingly, to sustain her negligence action against defendant, plaintiff must establish defendant's constructive knowledge of the allegedly defective condition of the bolt. Maans, 871 A.2d at 630-32.

   C.  Plaintiff has not established defendant's constructive knowledge of the condition

Defendant claims that plaintiff cannot establish defendant's constructive knowledge of the hazardous condition because "there is no evidence in this case as to … how long it existed prior to the time the incident occurred." (ECF No. 35-1 at 4-7.) Under Maryland law, a plaintiff may establish constructive knowledge if the plaintiff shows that the hazardous condition existed for a sufficient period of time for a proprietor to remedy the condition or to warn of it prior to plaintiff's injury. Maans, 871 A.2d at 638-39. The Maryland courts refer to this type of evidence as "time on the floor" evidence. Id. In this case, plaintiff has offered no "time on the floor" evidence. Instead, plaintiff presents two arguments to support her contention that a factual dispute exists as to defendant's constructive notice of the allegedly hazardous condition: (1) plaintiff is exempted from proving defendant's constructive knowledge because this is a "trip-and-fall" case; and (2) defendant has "not produced any evidence that it maintained a system of

inspection which would have discovered the loose slat, screw, or bolt" in time to fix the dangerous condition prior to plaintiff's injury.  (ECF No. 37 at 5-7.)

As to plaintiff's first argument, plaintiff asserts that there is "a notable exception to the 'time on the floor' rule" in premises liability actions in Maryland where a plaintiff's injuries result from a "trip-and-fall" rather than a "slip-and-fall." (Id. at 5-6.)  To support this argument, plaintiff primarily relies on the case of Dickey v. Hoschild, Kohn & Co., 146 A. 282 (Md. 1929). Plaintiff's reliance on Dickey is misplaced.  In Dickey, the plaintiff introduced evidence showing that: (1) plaintiff fell when her foot became wedged between a metal tred and the wooden step supporting it; (2) "the accident was caused by the loose end of an iron strap being raised above the surface of the step;" and (3) the screws with which the thread was fastened to the step were loose immediately after the accident. Dickey, 146 A. at 282-84. Based on this evidence, the Maryland Court of Appeals found that plaintiff could not have created the defective condition and that the condition of the step immediately after the accident was sufficient to warrant the following inferences:

> (1) that [the step's] construction was defective in material or design;
> (2) that the loosened strap had never been properly fastened down; or
> (3) that [defendant] had failed to make a reasonably careful inspection of the stairway.

Id. at 284.  The court concluded that, under these circumstances, and "in the absence of any evidence tending to show what, if any care [defendant] exercised" to keep its premises safe for customers, it was proper to submit the issue of defendant's negligence to the jury.  Id.

Here, plaintiff appears to claim that an invitee in a Maryland premises liability action is not required to prove a defendant's constructive knowledge where the invitee's injuries result from a "trip-and-fall," rather than a "slip-and-fall." (ECF No. 37 at 5-6.)  In Dickey, however, the court did not hold that a factual distinction as to the nature of an invitee's fall created a

different standard for assessing defendant's negligence liability.  Rather, based on the evidence that plaintiff had introduced in that case, the court concluded that plaintiff had shown that she did not create the hazardous condition and that, under the circumstances in that case, it was possible to infer that defendant failed to reasonably inspect its premises.  <u>Dickey</u> at 284.  Accordingly, plaintiff's claim that there an exception to the "time on the floor" rule in trip-and-fall premises liability actions in Maryland fails.

Plaintiff also contends that a factual dispute exists as to whether defendant had constructive knowledge of a dangerous condition because defendant has not produced evidence proving that it fulfilled its duty to make reasonable periodic inspections.  (ECF No. 37 at 7-8.)  The duties of a Maryland land owner or business invitor include the obligation to reasonably inspect the owner's premises.  <u>Maans</u>, 871 A.2d at 628.  Even assuming that it is possible to infer that defendant breached this duty, however, to prove defendant's liability for negligence, plaintiff must produce admissible evidence that, if the defendant had made reasonable inspections, the defect would have been discovered in time to prevent plaintiff's injury.  <u>Maans</u>, 871 A.2d at 634.  An invitee's "mere assertion of what an inspection might have revealed [cannot] supplant the need for some evidence of what it would have revealed," and "[i]t simply does not suffice to claim the obvious—that if [defendant] had inspected [the allegedly defective condition], it would (or may) have noticed the condition."  <u>Burkowske v. Church Hosp. Corp.</u>, 439 A.2d 40, 45 (Md. Ct. Spec. App. 1982) (affirming grant of summary judgment to defendant).

Here, plaintiff contends that a dispute of material fact exists because defendant "has not produced any evidence showing that it maintained some system of inspection which would have discovered the loose slat, screw, or bolt, in time to remedy it before plaintiff was injured."  (ECF No. 37 at 6-7.)  Plaintiff offers no evidence, however, to support her conclusory allegation that

"if [defendant] had made reasonable inspection, [defendant] would have discovered the defect in time to prevent [plaintiff's] injuries." (Id. at 7.) Accordingly, plaintiff has failed to establish that there is a genuine issue of material fact as to defendant's constructive knowledge of the hazardous condition. See Maans, 871 A.2d at 634 (finding plaintiff's failure to produce evidence that, had defendant made inspections prior to the accident, it would have discovered the condition in time to prevent plaintiff's fall was "fatal to her argument that [defendant store operator] is liable").

IV. CONCLUSION

In sum, the undersigned finds that plaintiff has not presented sufficient evidence to create a genuine dispute of material fact as to whether: (1) a hazardous condition existed on defendant's premises; (2) the defendant created the hazardous condition; or (3) the defendant had actual or constructive knowledge of the hazardous condition prior to plaintiff's fall. Accordingly, summary judgment is appropriate because there is no evidence from which a jury could find the defendant negligent.[4]

---

[4] See Garner, 396 Fed. Appx. at 28-30 (4th Cir. 2010) (affirming district court's award of summary judgment where plaintiff failed to present evidence showing existence of hazardous condition, that defendant created hazardous condition, or that defendant had knowledge of hazardous condition); Carter v. Shoppers Food Warehouse MD Corp., 727 A.2d 958, 966-67 (Md. Ct. Spec. App. 1999) (summary judgment appropriate where the only evidence plaintiff presented was her conjecture that she may have fallen on upturned carpet in store because "[w]hether the carpet was turned up prior to [plaintiff's] fall and if so, the length of time it was turned up were matters of mere speculation" and "even if we assume that the carpet was turned up, we also would have to assume that [defendant] had actual or constructive knowledge of the carpet's condition in order for there to be a dispute of material fact").

Accordingly, it is HEREBY ORDERED this   27th   day of June, 2012, that:

1. Defendant's Motion for Summary Judgment (ECF No. 35) is GRANTED;

2. The Clerk of the court shall close this case.

>                    /s/
>           Beth P. Gesner
>           United States Magistrate Judge